IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOLMETEX, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-602 (MN) |
| | ) |
| DENTAL RECYCLING NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington, this 18th day of October 2023;

WHEREAS, the Court has pending before it Defendant's motion to dismiss Plaintiff's patent infringement and false advertising claims (D.I. 10);

WHEREAS, when presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009));

WHEREAS, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; and

WHEREAS, taking the allegations as true, the Complaint states claims for patent infringement (Count I), violation of the Lanham Act (Count II) and violation of the Delaware Deceptive Trade Practices Act (Count III).

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (D.I. 10) is DENIED.

_____
The Honorable Maryellen Noreika
United States District Judge